Good morning, Your Honor. Good morning. May it please the Court, my name is Yeznik Kazanjian. I represent Mr. Sergej Aroyan. Please proceed. The first issue that I would like to point the Court's attention to is the one-year issue. There is no dispute that Mr. Aroyan came to the United States in October of 1999 and he filed his application in February of 2001. So he filed it.  Was that timely? It wasn't timely, but the judge makes a comment that on page 53 of the record, she says, if we, if the Court grants him the benefit of the doubt and starts the clock at the April date, the April date is when his visa expired. His right to stay in the United States expired in April of 2000. So the judge is willing to start the clock in April of 2000. But then states the Court finds that the Respondent's filing of an application in February of 2001 to be untimely. So that's only 10 months between April 2000 and February 2001. That's page 53 of the record. Well, but as I understand, you do not really argue that it was timely. Aren't we, aren't we confined to the other issues in the case? I do not recall any argument that you make that it was timely in your brief. Am I wrong? That's correct, Your Honor. No, no, you're not. And I do not see any argument to the contrary. I think that issue is behind us, if I guess it correctly. Do you disagree with that? No, I don't. All right. Then the issue makes if the filing should be an exception, that it was filed late because of an exception. And the exception being that Mr. Arroyo was under psychiatric care. He was in depression. Can we review that issue? Whether non-exceptional circumstances existed? Isn't that beyond our jurisdiction? The jurisdictional issue rests with the court when the court looks at if the facts substantiate the judge's decision. The judge reviews all the facts, talks about the doctor, and there's evidence that the doctor was, has been a doctor since 1972. But because there is, there are some issues in locating the doctor's address and that the doctor might be under suspension, and that day, and he was having a hearing on that day, everything that happened prior to that day, the judge just throws away because the doctor might be under suspension. It doesn't change the fact that this was a doctor. He's a psychiatrist, clinical psychiatrist, psychologist, and he found Mr. Arroyo to be in depression and prescribed Zoloft. All these facts are not in dispute. And the only nail that the judge hangs her decision on is that it's, he's under suspension, and they couldn't find a listing of the doctor in Los Angeles directory. Then we realize that the doctor was from Newport Beach. Doesn't the act prohibit us from determining whether or not the, there are or are not extenuating circumstances for late filing? Don't we, aren't we without jurisdiction to even review that, that determination by the BIA? The determination, if it were a reasonable determination by the judge, I agree. The court doesn't have jurisdiction. But this decision of the judge. Now, whether it's a reasonable or an unreasonable determination, does the act provide that we don't have jurisdiction to review it in any event? The one-year issue. If the one-year issue is, if the filing was done after one year of their arrival, and if we're talking about the one year, let's say, in a situation where it's not clear when the, when the response, when the appellant came into the United States, if it's not clear and the judge made the decision that this is my finding, then there is absolutely no jurisdiction. Because that's a factual finding. In this case, it's, the dates are not in dispute, but the dispute is her finding of. Extenuating circumstances. Yes. Do we have jurisdiction to review that finding of whether or not there is or is not extenuating circumstances? I thought we were without jurisdiction to review it. For the one year, I agree. Why don't you go to the withholding question? The withholding issue, again, the facts of the case and the credibility of Mr. Aroyan is not an issue. The judge never finds him not credible. And the judge, if you read the story, it looks like the judge is ready to grant it except one issue, and she finds him because he was a member of the Yegrabah Union, says that the Yegrabah Union is known to have persecuted other people. Therefore, Mr. Aroyan being a senior lieutenant, he can be considered to be a persecutor. Therefore, he's not eligible for withholding. Well, didn't she also rule that there was no substantial evidence or there was not adequate evidence that he was persecuted on account of any political beliefs? That's the second issue that she finds, and she finds that because he was fighting the government because of corruption in the drafting of recruits into the army, the judge finds that not to be a political issue. Well, did she say that it was not a government organization? That's what she says. Right. That's what she says. That it was not a government organization. That it's not a government organization and it's not a – she refers to the Vietnam War on page 56 in the bottom, that every country has issues with drafting and it doesn't make it a political statement. Well, why don't you argue to us that this organization is so intertwined with the political government that it is a government? Yes. That's – what facts do you have to support that proposition? In his testimony, he talks about the leaders of the Yergabah Union and the president of the Yergabah Union who was the defense minister, Baskin Sarkissian. And the Yergabah Union is the organization that was fighting for Armenia in Gharapagh for the independence of Gharapagh. And the Yergabah Union is basically a paramilitary organization that assists the government and their relationship with the government is not just a passing relationship. Their president is the defense minister and their military organization, so their relationship with the army, I think, is obvious. And the drafting laws, the drafting is not just for the Yergabah. The drafting is for the army and the army is part of the government. And the people using their power to abuse the system and get money to avoid people from the draft, is Baskin Sarkissian or with his approval, his own brother Arman Sarkissian and other leaders of the Yergabah Union. Counsel, you're down to one minute and 35 seconds. Do you want to save some time for rebuttal? I will. One more issue. The Convention Against Torture, the judge never analyzed anything. She just says he failed to establish eligibility. But she didn't bring that up to the BIA, though. It wasn't brought up in the BIA. And, sir, before you're finished, I want to acknowledge to you that I was hasty in my first question. I do realize that you have the issue before us on the extraordinary circumstances on the late filing, and I think it's in another case that we do not have that issue. So I want you to understand that I do understand where you are. Thank you. Thank you, counsel. Good morning. May it please the Court. My name is Larry Cody, and I'm here on behalf of the respondent, Alberto Gonzalez. And, sir, Judge Cohen is as appreciative as I am of being in Pasadena today and not shoveling snow on the East Coast. We called up as 10 inches fell yesterday. I might stay here. They're not going to get rid of me that quick. Your Honor, I respectfully disagree, and I agree with the Court's discussion regarding jurisdiction of the one-year asylum bar. The asylum application is not before this Court. The immigration statute is very clear. Crescents throughout the Circuit Court of Appeals are very clear that this Court does not have jurisdiction to review whether or not an application for asylum was timely filed. I mean, this Court even recently in Bramadon v. Gonzalez, which this government provided the Court by letter of the 21AJ letter, did the analysis looking at the Court's jurisdiction post Real ID Act and even then concluded that despite being restored some jurisdiction, other areas the Real ID Act did not. Well, at least we don't have jurisdiction to determine whether or not there are extraordinary circumstances. That's correct. If he raised a legal or constitutional claim regarding the one-year asylum bar, and certainly this Court can look at that. Exactly. Counsel, I'm particularly interested in how the, I don't know if I'm pronouncing it correctly, Yoruba is not a government institution. It seems to me it's so intertwined with the political and ruling class that as a matter of course, it would be hard to say that it's not at least an adjunct of government. Your Honor, I don't believe the record's clear on that issue. And just taking a step back, I don't believe we really get to that issue here. The fact remains that the government's second contention after you go through the asylum analysis is that a petitioner didn't exhaust his remedies with regard to withholding or his convention against torture claim. If you take a look at his brief to the Board, he argues strictly the asylum claim, never argues the immigration judge's determination that It wasn't a notice of appeal, though, wasn't it? There was a notice of appeal filed. The notice of appeal only said the immigration judge erred in denying respondents' application for asylum withholding of removal. Isn't that sufficient to put it before the BIA? I don't believe, Your Honor. There's no analysis of the facts. There's no analysis of the law. And understandably, asylum claims are intertwined with withholding claims. But in this particular case, which makes it different, is that the judge ruled that petitioner was a persecutor and was therefore statutorily ineligible for withholding of removal. And that issue was never raised to the Board. That issue was never argued to the Board. So to get to the merits of the withholding claim, we have to get through whether or not he's even eligible to apply for withholding. Assuming without admitting it was before the BIA, what is your position? That this organization reasonably could be considered as nongovernmental when the Secretary of Defense, the President, you know, it seems not everyone in government is a member. It drafts people or is very supportive of the military. Your Honor, what this particular record before the Court shows is that this is a civic organization that was and or a paramilitary organization that was established during an independence conflict. It is since made up of primarily 5,000 veterans of that conflict. And one of its primary goals is to assist veterans in obtaining veterans benefits and things like that. Now, yes, there are members of the organization that are a part of the government. But I don't believe the record establishes, Your Honor, that they are so widespread throughout the government that they control the government in any meaningful way. I think the record establishes here that this one ministry may be run by a member of your grappa. But I think it's a stretch to say that they're ruling throughout government. And in addition to the merits of his withholding claim, he alleges fear of persecution from two particular organizations in addition to your grappa, the HeSheShe and another organization, off the top of my head, I can't remember. But the immigration judge does point out to him in the documentary evidence, establishes that these organizations are no longer in existence. And his only response to that is, well, they just changed their names. Well, your grappa, it doesn't seem to me to be like the Veterans of Foreign Wars. I'm a member of that. Probably a lot of people in government are. It doesn't make it part of the judiciary because I'm a member of it. But this organization drafts people, conscripts people. That's specifically a governmental, not a paramilitary type of organization. I don't believe it's clear from the record whether they're drafting people for their organization or if they're drafting people for government service, which could certainly be a difference, too, especially when we're discussing the claims here. So, again, the record before this court, the government's position is that it doesn't compel the conclusion that he was persecuted or has a clear probability of persecution upon his return to Armenia. Counsel, let me ask you this. If the petitioner does not raise the claim in the brief, but the BIA nevertheless addresses it, isn't it properly before us at that point? I don't believe so, Your Honor. Why not? Because it's not the board's responsibility or government's responsibility to make arguments for a petitioner. I agree, but if the board nevertheless does that, why can't we review it? I guess, Your Honor, it would depend on the particular case. What's your best case authority for the proposition that if the BIA addresses an issue, we nevertheless lack jurisdiction? I don't believe there is anything published in this circuit, Your Honor. And I think what's instructive for the court, if it were to do an analysis on this ground, is to look at this court's handling of waiver issues. When a petitioner files a petition, the case law, I believe, and it's not brief to this court, and I can certainly provide supplemental authority. The case law from this circuit and others is that, and I believe the Supreme Court is that, even just raising an issue in your notice of appeal on your petition isn't enough to necessarily bring that issue before the court. That's not the point. The point is, if the BIA addressed the issue and ruled on the issue, then don't we have jurisdiction to review the BIA ruling? Your Honor, the government's position is that the petitioner needs to exhaust that issue. Well, isn't this just a matter of labels, really? He mentions the withholding in his notice of appeal. The arguments for refugee status are similar to those that would be made for withholding, and he makes those arguments, and then the board decides the issue of withholding. Now, why isn't that enough? When you fill in all the blanks at some stage, why isn't that enough? It's just a matter of how you label it, is it not? Again, Your Honor, you know, in this case, the board affirmed without opinion. I believe the board affirmed without opinion the decision of the immigration judge. And arguably, if all we're here arguing is the merits of the case, the factual basis for this case. You say the board affirmed this without opinion? I might be confusing this with another case, Your Honor. I think you might. I think the next case is a little different. You're right. I'm sorry. I'm looking forward to it. If we're just arguing the factual basis of the asylum application, which those facts do make up the factual basis for withholding claim, I think, Your Honor, that argument could be made. What you're saying is that, you know, by mentioning it in an appeal in a brief, that might be enough. But it's different in this case because the judge made a unique decision, really, that Mr. Royan was a persecutor. And much like when a judge makes that separate decision that somebody lacks credibility, it steps away from the factual basis, arguably, from the two claims and really puts a different issue before the board. And the government's position is that the petitioner needs to raise those issues before the board, argue those issues, show legal basis for his argument, and he hasn't done that in this case. But the arguments would be the same, right, on both issues? Your Honor, if we were to allow petitioners not to make any arguments except make a conclusory statement to the board, it really defeats the purpose of having them. Okay. That may be true. But you're asserting a waiver here, right? I'm asserting a failure to exhaust. And I think it may be one and the same or similar to a waiver issue. Okay. Go ahead. If the Court has no further questions, the government would submit on its briefs on this matter. Thank you, counsel. Thank you. Rebuttal. May it please the Court. Briefly, the Yehrabah has the power to disperse gatherings, has the power to detain people, is led by the defense minister who later became the prime minister. I think the Yehrabah relationship with the government is so intertwined that either the government approves their actions or cannot control them. But the first is more obvious from the facts. And the judge's finding that Mr. Aroyan was a persecutor himself is only built by association. There is no evidence at all about any persecuting action taken by Mr. Aroyan. All right. Thank you, counsel. Thank you to both counsel. The case just argued is submitted for decision by the Court.
judges: Cowan , Leavy, Rawlinson